IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| ARNOLD REFRIGERATION, INC., | § § § | |
| Plaintiff, | § § | |
| v. | § § | 5:15-CV-00591-RP |
| QUALITY CUSTOM DISTRIBUTION SERVICES, INC., | § § § § | |
| Defendant. | § | |

## ORDER

Before the Court are Plaintiff's Motion to Remand to State Court (Clerks Dkt. # 5), Defendant's Motion to Amend Notice of Removal of Action (Clerk's Dkt. # 6), and responsive pleadings to each. After considering the pleadings, the entire factual record, and the applicable law, the Court issues the following Order.

## BACKGROUND

Plaintiff filed this action in the 433rd Judicial District Court in Comal County Texas on June 16, 2015, alleging, among other things, breach of contract. Defendant Quality Custom Distribution Services ("QCD") timely filed a notice of removal on July 17, 2015. The Notice of Removal (Clerk's Dkt. # 1) alleged that the amount in controversy exceeds $75,000 (¶ 9), that "QCD is now, and was at the time of filing of Plaintiff's Original Petition[,] . . . a corporation organized and existing under the laws of the State of Delaware, and a citizen of the State of California" (*id.* ¶ 5), and that "Plaintiff is now, and was at the time of filing of Plaintiff's Original Petition[,] . . . a citizen of and a resident within the State of Texas" (*id.* ¶ 4). Defendant also alleged that "Plaintiff is a citizen of the State of Texas. Defendant QCD is a citizen of the State of California." (*Id.* ¶ 8).

1

Plaintiff filed a Motion to Remand to State Court (Clerk's Dkt. # 5) on August 14, 2015. The Motion identified a defect in Defendant's Notice of Removal. According to Plaintiff, "Defendant did not properly allege diversity jurisdiction in its notice of removal" because "Defendant was required to establish both the state of incorporation and the principal place of business of the Plaintiff" and did not do so. (Mot. Remand ¶ 4). Defendant's Response to the Motion for Remand acknowledges the defect, and argues that the Fifth Circuit allows such defects to be amended. Defendant requests leave to amend its Notice of Removal accordingly.

The parties have filed responsive pleadings, and the matter is ripe for determination.

## **LEGAL STANDARD**

A defendant may remove a case from state to federal court if the case could have been filed in federal court originally. *See Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) (citing 28 U.S.C. § 1441(a)). A removing defendant bears the burden of establishing by a preponderance of the evidence that the federal court has subject matter jurisdiction, *see De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir.1995), and the removal statutes are to be construed "strictly against removal and for remand," *Eastus v. Blue Bell Creameries, L.P.*, 97 F.3d 100, 106 (5th Cir.1996); *see also Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108 – 09 (1941). A district court must remand a case if, at any time before final judgment, it appears the court lacks subject matter jurisdiction. *See* 28 U.S.C. § 1447(c); *Grupo Dataflux v. Atlas Global Grp., L.P.*, 541 U.S. 567, 571 (2004); *In re 1994 Exxon Chem. Fire*, 558 F.3d 378, 392 (5th Cir.2009).

## **ANALYSIS**

Defendant argues the case could have been filed in federal court originally under 28 U.S.C. § 1332, which grants district courts "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between citizens of different States." Plaintiff acknowledges that the amount in controversy exceeds $75,000, and

2


thus jurisdiction depends upon the citizenship of the parties. A corporation is a citizen of the state in which it was incorporated and the state in which it has its principal place of business. 28 U.S.C. § 1332(c); *see also Getty Oil Corp., a Div. of Texaco v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1258 (5th Cir. 1988).

The Fifth Circuit has stated that when jurisdiction depends on citizenship, citizenship must be "distinctly and affirmatively alleged." *E.g.*, *McGovern v. American Airlines, Inc.*, 511 F. 2d 653, 654 (5th Cir. 1983); *Getty Oil Corp.*, 841 F. 2d, at 1259. In cases involving corporations, "allegations of citizenship must set forth the state of incorporation as well as the principal place of business of each corporation." *Getty Oil Corp.*, 841 F. 2d, at 1259 (citing *Nadler v. American Motors Sales Corp.*, 764 F. 2d 409, 413 (5th Cir. 1985).

Defendant acknowledges that the Notice of Removal did not "distinctly and affirmatively allege[]" Plaintiff corporation's "state of incorporation as well as the principal place of business of each corporation." The Notice stated merely that "Plaintiff is now, and was at the time of filing of Plaintiff's Original Petition[,] . . . a citizen of and a resident within the State of Texas" (Notice of Removal ¶ 4). Defendant argues, however, that the Fifth Circuit allows parties to amend such petitions pursuant to 28 U.S.C. § 1653.[1] *See, e.g.*, Getty Oil, 841 F. 2d at 1262 ("On remand, however, the district court may allow the defendants to cure these defects by amending their original petition pursuant to 28 U.S.C. § 1653."); *D.J. McDuffie, Inc. v. Old Reliable Fire Ins. Co.*, 608 F. 2d 145, 147 (5th Cir. 1979). Indeed, the Circuit has said "leave to amend [pursuant to § 1653] is to be granted liberally unless the movant has acted in bad faith or with a dilatory motive, granting the motion would cause prejudice, or amendment would be futile." *Jebaco, Inc. v. Harrah's Operating Co., Inc.*, 587 F. 3d 314, 322 (5th Cir. 2009).

---

[1] Section 1653 reads in its entirety that "[d]efective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts."

Plaintiff's Motion for Remand acknowledges that defendants may amend notices of removal pursuant to section 1653 "where citizenship allegations are merely defective." (Mot. Remand ¶ 11). Plaintiff is adamant, however, that Defendant's pleadings were not merely defective, but "entirely omitted Plaintiff's citizenship information." (*Id.* ¶ 11).

Contrary to Plaintiff's repeated assertions, Defendant did not "entirely omit[] Plaintiff's citizenship information." Instead, Defendant's Notice of Removal asserted twice that Plaintiff was a citizen of the State of Texas. Defendant's Notice asserted that "Plaintiff is now, and was at the time of filing of Plaintiff's Original Petition[,] . . . a citizen of and a resident within the State of Texas" (Notice of Removal ¶ 4). Defendant also alleged that "Plaintiff is a citizen of the State of Texas. Defendant QCD is a citizen of the State of California." (*Id.* ¶ 8). Plaintiff was on notice of the legal justification offered for removal, and of Defendant's factual basis therefore.

Leave to amend "is to be granted liberally unless the movant has acted in bad faith or with a dilatory motive, granting the motion would cause prejudice, or amendment would be futile." *Jebaco*, 587 F. 3d at 322. Plaintiff has not alleged bad faith or a dilatory motive.

Nor, at any time, has Plaintiff contested that it is in fact a citizen of the state of Texas both by incorporation and principal place of business. Instead, Defendant has proffered substantial evidence that Plaintiff is a citizen of the state of Texas. "Where [the Fifth Circuit's] discretionary examination of the record as a whole discloses at least a substantial likelihood that jurisdiction exists, . . . [it] ha[s] entertained motions to amend." *Nadler*, 764 F. 2d at 413.

Because Amendment is to be allowed liberally, Defendant has not acted in bad faith or with dilatory motive, and Defendant is likely to show that Plaintiff is incorporated and has its principal place of business in Texas, Remand is not proper at this time and Defendant should be allowed to amend its pleadings.

## **CONCLUSION**

Accordingly, Plaintiff's Motion to Remand to State Court (Clerks Dkt. # 5) is **DENIED**. Plaintiff's request for costs associated with removal is **DENIED**. Defendant's Motion to Amend Notice of Removal of Action (Clerk's Dkt. # 6) is **GRANTED**.

**SIGNED** on October 30, 2015.

_____
ROBERT L. PITMAN
UNITED STATES DISTRICT JUDGE